IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:07-CV-536-TJW |
| | § | |
| ULTRA DIMENSIONS JOHN SINCLAIR as | § | |
| TRUSTEE, FRED NEAL, JR., DORIS | § | |
| NEAL, KENNETH O. GOOLSBY, PENN | § | |
| VIRGINIA OIL & GAS CORP., FOREST | § | |
| OIL COMPANY – formerly, the Houston | § | |
| Exploration Company, HARRISON | § | |
| COUNTY, HARRISON COUNTY | § | |
| APPRAISAL DISTRICT, MARSHALL ISD, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Kenneth O. Goolsby's ("Goolsby") Motion for Summary Judgment (Dkt. No. 62) and the United States' Cross Motion for Summary Judgment (Dkt. No. 66). In their competing motions, Goolsby and the United States ask the Court to determine the priority of the United States' federal tax lien and Goolsby's judgment lien with respect to property owned by Defendants Fred Neal, Jr. and Doris Neal (collectively "the Neals"). Having considered the briefing of the parties, the evidence, and the applicable law, the Court finds that the United States' federal tax lien has priority over Goolsby's judgment lien. Accordingly, the Court DENIES Goolsby's Motion for Summary Judgment (Dkt. No. 62) and GRANTS the United States' Cross Motion for Summary Judgment (Dkt. No. 66).

1

## I. BACKGROUND

The parties largely agree as to the relevant facts. In 1971 and 1977, Fred Neal, Jr. and Doris Neal (collectively "the Neals") purchased various pieces of property in Harrison County, Texas that are described in the Second Amended Complaint (Dkt. No. 61) and are the subject of this lawsuit (the "Subject Property"). Through a series of conveyances from 1993 to 1997, the Subject Property was transferred to Ultra Dimensions, a trust that both Goolsby and the United States claim is a sham trust and the nominee or alter ego of the Neals.

On September 8, 1998, Goolsby filed a quiet title lawsuit against Fred Neal, Jr. in the 71st Judicial District Court of Harrison County, Texas. On May 17, 1999, Goolsby obtained a judgment against Fred Neal, Jr. that awarded Goolsby $16,200.00 in actual damages and $8,000.00 in attorney's fees. Goolsby filed an Abstract of Judgment on May 24, 1999, which was subsequently recorded in the Harrison County Deed Records on May 25, 1999. Goolsby's judgment lien was filed against Fred Neal, Jr. only and did not include any mention of Ultra Dimensions, Doris Neal, or the Subject Property. Goolsby filed another Abstract of Judgment on March 6, 2009, and recorded it in the Harrison County Deed Records on March 16, 2009. On March 27, 2009, Goolsby also obtained a writ of execution commanding any sheriff or constable to execute the writ in order to recover the funds Fred Neal, Jr. owes to Goolsby.

On August 2, 2007, and again on December 18, 2007, the United States filed Notices of Federal Tax Liens against Ultra Dimensions as nominee for the Neals. On December 7, 2007, the United States filed this lawsuit seeking to set aside certain fraudulent transfers and to foreclose the federal tax liens against the Subject Property. The United States also named Goolsby, Penn Virginia Oil & Gas Corporation, and Forest Oil Company as defendants in the

case due to their respective security interests in the Subject Property. The United States and Goolsby both agree that Ultra Dimensions is a sham trust and is merely a nominee, alter ego, and/or transferee of the Neals. The United States and Goolsby also agree that the Subject Property should be foreclosed on in order to satisfy both the United States' federal tax lien and Goolsby's judgment lien.

On July 14, 2011, this Court granted the United States' Motion for Partial Summary Judgment (Dkt. No. 58) and found that (1) the federal tax liens related to Fred Neal, Jr. and Doris Neal's federal income tax liabilities attach to all of the Neals' property and rights to property, including the Subject Property; (2) the transfers of the Subject Property to David and Linda Neal, Teresa Markarian, and Ultra Dimensions were fraudulent conveyances and should be set aside; and (3) Ultra Dimensions is the alter ego or nominee of the Neals, subjecting the Subject Property to the tax liens assessed against the Neals in this foreclosure action (Dkt. No. 71).

The only remaining issue for the Court with respect to these motions is the priority of the United States' federal tax lien and Goolsby's judgment lien.

## II. LEGAL STANDARD

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). Upon reviewing the evidence, the Court may only grant summary judgment if there is no genuine dispute of material fact, meaning that "a reasonable jury could [not] return a verdict for the nonmoving party." *Anderson*, 477

U.S. at 248. When the summary judgment movant demonstrates the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The non-movant must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Holland v. City of Houston*, 41 F. Supp. 2d 678, 687 (S.D. Tex. 1999). When ruling on a motion for summary judgment, the non-movant's evidence is to be believed and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The court must not resolve factual disputes by weighing conflicting evidence, *Farbwerke Hoeschst A.G. v. M/V "Don Nicky,"* 589 F.2d 795, 798 (5th Cir. 1979), since it is the province of the jury to assess the probative value of the evidence. *See, e.g., Gross v. Southern Railway Co.*, 414 F.2d 292, 297 (5th Cir. 1969); *Gauck v. Meleski*, 346 F.2d 433, 436 (5th Cir. 1965).

**III.   ANALYSIS**

The question at issue in the parties' competing motions is whether Goolsby's judgment lien was choate, or perfected, under federal law as to the Subject Property when Goolsby recorded the Abstract of Judgment in the Harrison County Deed Records on May 25, 1999. If the answer to that question is yes, then Goolsby's judgment lien has priority. If the answer is no, then the United States' federal tax liens filed on August 2, 2007 and December 18, 2007 have priority.

The United States argues that Goolsby's judgment lien was not perfected when it was filed on May 25, 1999 because the judgment was against Fred Neal, Jr. but, at the time the Abstract of Judgment was recorded, the Subject Property was owned by Ultra Dimensions, not Fred Neal, Jr. Because a lien judgment against real estate can attach only against lands owned

4

by the judgment debtor, not against land owned by those not parties to the judgment, the United States argues that the judgment lien was not perfected against the Subject Property until the Neals were determined to have rights in Ultra Dimensions' property—i.e. when the Court issued its July 14, 2011 Order holding that the transfers of the Subject Property were fraudulent conveyances and should be set aside and that Ultra Dimensions is the alter ego or nominee of the Neals. In contrast, the federal tax liens, the United States argues, were filed against the Neals and Ultra Dimensions as the alter ego or nominee of the Neals and were perfected for purposes of determining priority when they were filed on August 2, 2007 and December 18, 2007. Therefore, the United States argues that its federal tax liens were perfected before Goolsby's judgment lien was perfected and has priority.

Goolsby, however, argues that under the Texas Uniform Fraudulent Transfer Act, the Court's July 14, 2011 Order declaring the conveyances by the Neals to Ultra Dimensions to be fraudulent means that those conveyances are wholly null and void and may be treated by creditors—such as Goolsby—as if the transfers had never taken place. According to Goolsby, this would mean that the legal and equitable title in the Subject Property remained with the Neals for the purpose of satisfying their debts at the time that Goolsby's judgment lien was filed. Essentially, Goolsby argues that because the Court has made the determination that the transfer to Ultra Dimensions was fraudulent and that Ultra Dimensions is the nominee of the Neals, Goolsby's judgment lien on the Subject Property relates back to the date that Goolsby filed the Abstract of Judgment— May 25, 1999. This would mean that Goolsby's judgment lien was perfected before the federal tax lien was filed and would take priority over the federal tax lien.

The priority of competing liens on property on which there is a federal tax lien is determined by federal law. *McAllen State Bank v. Saenz*, 561 F.Supp. 636, 638 (S.D. Tex. 1982) (citing *Aquilino v. United States*, 363 U.S. 509 (1960)). "Federal tax liens do not automatically have priority over all other liens. Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that the first in time is the first in right." *United States v. McDermott*, 507 U.S. 447, 449 (1993) (citation and quotation omitted). Under this rule, priority is given to the lien first perfected. *McAllen State Bank*, 561 F. Supp. at 638 (citing *United States v. New Britain*, 347 U.S. 81, 85-87 (1954)). Pursuant to 26 U.S.C. § 6323(a), a federal tax lien is "not valid as against . . . [a] judgment lien creditor until notice thereof . . . has been filed." The Supreme Court has interpreted this language to mean that "the filing of notice renders the federal tax lien extant for 'first in time' priority purposes regardless of whether it has yet attached to identifiable property." *United States v. McDermott*, 507 U.S. 447, 453 (1993). In other words, the date of perfection of a federal tax lien is the date the notice of the lien is filed, regardless of whether the lien has attached. *See McAllen State Bank*, 561 F. Supp. at 638-39 ("the date of perfection of the federal tax liens in this case are the dates that respective notices were filed").

The parties do not dispute that the federal tax liens on the Subject Property in this case were filed, and thus perfected, on August 2, 2007 and December 18, 2007. The only question is when Goolsby's judgment lien was perfected for purposes of priority.

Under Texas law, a judgment lien is perfected when the abstract of judgment is filed and indexed in the proper county. TEX. PROP. CODE § 52.001 (West 2010); *McAllen State Bank*, 561 F. Supp. at 639 (citing an earlier version of the statute). The judgment then operates as a lien on

all of the defendant's real property situated in the county of filing, as well as upon all real estate thereafter acquired by the defendant. *McAllen State Bank*, 561 F. Supp. at 639. Thus, Goolsby's judgment lien was perfected under Texas law when he filed the Abstract of Judgment, even though the Neals were not determined to have an interest in the Subject Property until after the Abstract of Judgment was filed—i.e. when the Court ruled that the transfers of the Subject Property to Ultra Dimensions were fraudulent and that the Neals are the owners of the Subject Property. However, a state court's determination that a lien is perfected is not conclusive against the Federal Government. *New Britain*, 347 U.S. at 84.

For a state lien to have priority over a federal tax lien, not only must the lien be perfected first under state law, but it must also have become perfected—or choate—as determined by federal law prior to the filing of the notice of the federal tax lien. *McAllen State Bank*, 561 F. Supp. at 639. The doctrine of choateness is intended to protect the standing of federal liens. "Otherwise, a State could affect the standing of federal liens, contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined." *New Britain*, 347 U.S. at 86. "Our cases deem a competing state lien to be in existence for 'first in time' purposes only when it has been 'perfected' in the sense that 'the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" *McDermott*, 507 U.S. at 449 (quoting *New Britain*, 347 U.S. at 84).

The Abstract of Judgment filed by Goolsby includes the identity of the lienor—Goolsby, and the amount of the lien—$24,200.00. However, the Abstract of Judgment only mentions Fred Neal, Jr. as the defendant in the judgment and makes no mention of Ultra Dimensions or of the Subject Property. Because Ultra Dimensions, not the Neals, held title to the Subject Property at

the time the Abstract of Judgment was filed, the Abstract of Judgment did not identify the Subject Property as subject to the lien. Accordingly, Goolsby's judgment lien was not choate when the Abstract of Judgment was filed and did not become choate until the Court's July 14, 2011 Order voiding the fraudulent transfers of the Subject Property to Ultra Dimensions and finding that Ultra Dimensions is the alter ego of the Neals.

Goolsby, however, argues that the Court's July 14, 2011 Order made the Neals' transfers of the Subject Property to Ultra Dimensions null and void under the Texas Uniform Fraudulent Transfer Act. Under the Texas Uniform Fraudulent Transfer Act, "a conveyance which is found to be fraudulent as to creditors is wholly null and void as to such creditors, and the legal as well as the equitable title remains in the debtor for the purpose of satisfying debts." *California Pipe Recycling, Inc. v. Southwest Holdings, Inc.*, 2010 WL 56053, at * 5 (S.D. Tex. 2010) (quoting *United States v. Chapman*, 756 F.2d 1237, 1240 (5th Cir. 1985) (citing prior, but substantially similar, version of the statute)); *see also* TEX. BUS. & COM. CODE §§ 24.008(a)(1) (stating that creditors may obtain "avoidance of the transfer . . . to the extent necessary to satisfy the creditor's claim"). "The transferee may have colorable title to the property, but the equitable interest-at least as far as the creditors (but not the debtor) are concerned—is considered to remain in the debtor so that creditors may attach or execute judgment upon it as though the debtor had never transferred it." *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983) (citing a previous, but substantially similar, version of the Texas Uniform Fraudulent Transfer Act). If a transfer is fraudulent under the Texas Uniform Fraudulent Transfer Act, then creditors are entitled to "treat the transferred property as though the transfer had never taken place." *California Pipe*, 2010 WL 56053, at * 5. "Thus, a judgment creditor with a lien on the debtor's

8

property may enforce that lien directly against realty that had been placed in the name of another with intent to defraud the creditor. *Chapmen*, 756 F.2d at 1240 (citing *Texas Sand Company v. Shield*, 381 S.W.2d 48, 54-55 (Tex. 1964)). Additionally, in *Chapmen*, the Fifth Circuit considered the question of whether a transfer intended to defraud creditors is void, under a previous version of the Texas Uniform Fraudulent Transfers Act, as to a creditor whose debt arises after the transfer has been made. 756 F.2d at 1240. The court held that it was, stating "[a] transfer made with a fraudulent intent to evade future liabilities is void as to subsequent creditors." *Id*. at 1241.

Because the Court ruled that the Neals' transfers of the Subject Property to Ultra Dimensions were fraudulent, Goolsby claims that title to the Subject Property remained with the Neals for purposes of satisfying their debts at the time that Goolsby filed the Abstract of Judgment and, therefore, that the judgment lien was choate when the Abstract of Judgment was filed. Under this theory, once the Court determined that the transfer to Ultra Dimensions was fraudulent under the Texas Uniform Fraudulent Transfer Act, Goolsby's judgment lien on the Subject Property related back to the date that Goolsby filed the Abstract of Judgment. The Court is not persuade by this argument.

Federal law makes no provision for the subordination of a tax lien through the use of the "relation back" doctrine. *Blachy v. Butcher*, 221 F.3d 896, 905 (6th Cir. 2000). In *Blachy*, the Sixth Circuit reversed the district court's holding that a federal tax lien was subordinate to a constructive trust created by the district court and then applied retroactively such that it was in place prior to the federal tax lien. *Id*. at 904-06. The court held that, under Michigan law, a constructive trust is an equitable remedy that does not arise until a judicial decision imposes such

9

a trust. Regardless of the fact that Michigan law allows the doctrine of "relation back" to give the beneficiary of a constructive trust priority over private intervening interest, the court held that this was not determinative as to the IRS's interest in the property because the priority of federal tax liens is governed by federal law. *Id*. at 905. The court went on to state that "[f]ederal law . . . makes no provision for the subordination of a tax lien through the use of the 'relation back' doctrine." *Id*. Only competing claims that meet the federal standard of choatness before the federal tax lien arises can prime a federal tax lien. *Id*. "In summary, a judicially-created equitable remedy cannot be applied retroactively to defeat a choate federal tax lien." *Id*. at 906. Similarly, in *United States v. Security Trust & Savings Bank of San Diego*, the Supreme Court held that a property right that comes into existence by court action, such as a judgment lien, does not relate back to some earlier date to destroy the priority of a federal tax lien. 340 U.S. 47, 50 (1950). Also, in *Drye*, the Supreme Court held that a state disclaimer law, which applies retroactively and treats the disclaimant as having predeceased the decedent, does not defeat a federal tax lien that has already attached to the disclaimant's property. 528 U.S. 49 at 59-61.

Based on these cases, the Court holds that Goolsby's judgment lien was not choate until the Court entered its July 14, 2011 Order voiding the transfers of the Subject Property to Ultra Dimensions because only then could the Subject Property be identified as subject to Goolsby's judgment lien. Therefore, the United States' federal tax lien was perfected before Goolsby's judgment lien and has priority.

## IV. CONCLUSION

For the reasons discussed above, the Court DENIES Goolsby's Motion for Summary Judgment (Dkt. No. 62) and GRANTS the United States' Cross Motion for Summary Judgment (Dkt. No. 66).

Within 10 days from the date of this Order, the parties shall certify to the Court the amounts due and owing as of the date of this Order. The United States shall submit a Proposed Judgment consistent with the Order within 20 days from the date of this Order. The Defendants must file any objections to the form of the Proposed Judgment within 10 days from the filing of same.

IT IS SO ORDERED.

SIGNED this 20th day of July, 2011.

*T. John Ward*
T. JOHN WARD
UNITED STATES DISTRICT JUDGE